UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DISCOUNT VIDEO CENTER, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>DOES 1-29, et al., )<br><br>Defendants. ) | Civil Action No. 12-10805-NMG |
| PATRICK COLLINS, INC., )<br><br>Plaintiff, )<br><br>v. )<br><br>DOES 1-79, )<br><br>Defendants. ) | Civil Action No. 12-10532-GAO |

(Continued on next page)

PATRICK COLLINS, INC.,       )
                                 )
              Plaintiff,       )
                                 )
v.                                 )     Civil Action No. 12-10758-GAO
                                 )
DOES 1-36,                  )
                                 )
            Defendants.     )

## REPORT AND RECOMMENDATION
## ON DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)

December 18, 2012

SOROKIN, C.M.J.

A recitation of the history of these three cases explains the undersigned's recommendation that the Court dismiss without prejudice each of the cases pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the defendants within the time provided therein. This recommendation is intertwined with my November 7, 2012 ruling on a non-dispositive motion for ex parte discovery. See 12-cv-10805-NMG, Docket # 51; 12-cv-10532-GAO, Docket # 51; 12-cv-10758-GAO, Docket #43.[1] Thus, that Order and a similar Order of August, 2012 [2] (see 12-cv-10805-NMG, Docket # 31; 12-cv-10532-GAO, Docket # 41; 12-cv-10758-GAO, Docket #35) are referenced herein in order to provide context for this recommendation.

In each of these three Complaints, the Plaintiffs (represented by the same counsel) sued

---

[1]  In each of these three cases, I have issued substantively identical rulings at each step of the proceedings.

[2]  See 12-cv-10805-NMG, Docket # 31; 12-cv-10532-GAO, Docket # 41; 12-cv-10758-GAO, Docket #35.

certain John Doe defendants for allegedly infringing upon the Plaintiffs' copyrights by

downloading the Plaintiffs' copyrighted movies using bit torrent software.  Plainly and

unequivocally, the Plaintiffs sued <u>only</u> the individual John Doe infringers.  <u>See</u> 12-cv-10805-

NMG, Docket # 31, at 4-10; 12-cv-10532-GAO, Docket # 41 at 6-12; 12-cv-10758-GAO,

Docket #35 at 6-12.  The Plaintiffs in these three cases have <u>never</u> sued the subscribers of the

internet accounts used by the unknown Doe defendants.  <u>Id.</u>

At the outset, the Plaintiffs sought ex parte discovery – ostensibly so that they could learn

the identity of the infringing individuals and thereafter amend their Complaints to name and

serve the defendants.  The Court initially allowed these motions, which permitted service of

subpoenas upon internet service providers for the purpose of obtaining the identity of the

subscribers.  Subsequently, after receiving objections from various subscribers, the Court

quashed all of the subpoenas because the Plaintiffs (under the auspices of the Court's subpoena)

had made statements to the subscribers that were false.  <u>See Id.</u>   However, the Court quashed the

subpoenas without prejudice to the Plaintiffs filing a renewed proposal.

> The Plaintiff may . . . file a renewed request for early discovery. Any such request
> shall, at a minimum: (1) explain how the proposed discovery pursuant to the rules of
> civil procedure will establish the identity of the Doe infringers or lead to sufficient
> information for the Plaintiff to identify the Doe infringers such that the Plaintiff can
> seek leave to amend the Complaint to insert the names of the Doe defendants; (2)
> propose a Protective Order ensuring the confidentiality of the subscribers'
> identifying information unless or until the Plaintiff has a good faith basis to seek
> leave to amend the Complaint to name individual subscriber(s) as Defendants (at
> which point it may file a motion for leave to amend the Complaint which motion it
> shall serve on the proposed Defendant) and (3) submit to the Court any notice(s) it
> seeks leave to serve with the subpoena.

> 12-cv-10805-NMG, Docket # 31, at 11; 12-cv-10532-GAO, Docket # 41 at 13; 12-cv-
> 10758-GAO, Docket #35 at 13.

The Plaintiffs filed renewed motions for discovery.  12-cv-10805-NMG, Docket # 43; 12-cv-10532-GAO, Docket # 43; and, 12-cv-10758-GAO, Docket # 37.  On November 7, 2012, the undersigned denied these requests.  12-cv-10805-NMG, Docket # 51; 12-cv-10532-GAO, Docket # 51; 12-cv-10758-GAO, Docket # 43.  As explained in that Order, the Plaintiffs (1) proposed a discovery plan that will not result in the identification of the alleged infringers; (2) cannot articulate the information they do require in order to identify the infringers; (3) demonstrated, in these cases, a lack of interest in actually litigating the pending cases; (4) proposed a course of action that "smacks of a[] bad faith effort to harass [a] third-party subscriber," (id. at 6); (5) sought some information in the subpoena that either was not for the purpose of identifying the infringers or for which counsel could not even explain the purpose of the request; and, (6) repeatedly said one thing to the Court and did another.  In light of the ruling denying the requests for ex parte discovery and the fact that the cases are well past the 120-day deadline set forth in Fed. R. Civ. P. 4(m), the Plaintiffs were ordered to show cause why these cases should not be dismissed.  Id. at 8.  On November 16, 2012, the Plaintiffs responded to this Order.  12-cv-10805-NMG, Docket # 52; 12-cv-10758-GAO, Docket # 44.

After reviewing the Plaintiffs' response, I RECOMMEND that the Court dismiss each of these actions for failure to effect timely service.  The Plaintiffs bear the burden of establishing good cause to extend the 120 day time period.  Hurst v. Names Unknown, 42 Fed.Appx. 895, 896 (7th Cir.2002).  Absent such a showing by a plaintiff, the Court must still consider whether it will exercise its discretion to grant the plaintiff a time extension in which to effect service.  See Fed. R. Civ. P. 4(m).

The Plaintiffs advance several reasons in support of a finding of good cause.  None have

merit.  First, the Plaintiffs assert that they have diligently attempted to serve defendants, but complain that the Court precluded such service by barring Plaintiffs from using the names it did acquire from the subpoenas originally authorized.  12-cv-10805-NMG, Docket # 52 at 4; 12-cv-10758-GAO, Docket # 44 at 4.   The Plaintiffs have no one but themselves to blame for their inability to utilize information gleaned from the quashed subpoenas.  The Plaintiffs engaged in the violations necessitating the Court's remedy by telling third parties to whom Congress has accorded some measure of statutory privacy protection (i.e., the subscribers) that the Plaintiffs had sued them (the subscribers) for copyright infringement when the Plaintiffs had plainly not sued them.  Moreover, the Court did not apply the 120-day rule at that time, but rather the Court gave the Plaintiffs another opportunity to propose a discovery plan tailored, as required under the law, toward identifying the identity of the persons the Plaintiffs chose to sue.  As already explained, the Plaintiffs failed to advance this type of proposal.

Next, the Plaintiffs state that their "Counsel **has initiated the process of service upon dozens of defendants**," Id. at 4 (emphasis in original).  The Plaintiffs assert that they have not filed proof of service pending conferral with each such defendant.  Id.  No evidence supports this assertion.[3]

Moreover, even if true, the assertion is not helpful to the Plaintiffs' cause.  Either the Plaintiffs are violating the Court's order barring them from using the names, if any, they received pursuant to the subpoenas quashed by the Court, or else the Plaintiffs know the identities of the defendants even without recourse to ex parte discovery.  Moreover, neither Amended

---

[3]  I note that the Plaintiffs fail to support this and other factual assertions with affidavits or other evidence.  See  L.R. 4.1(B).  This is not an isolated instance of missing a minor nuance of a rule.  Counsel has failed to comply with various rules and, indeed, has failed to appear at a scheduled hearing in this case, explaining that he only checked his emails once per week.

Complaints nor motions to amend have been filed in these three cases.  Prior to the filing of an Amended Complaint naming an individual defendant, it would be highly improper to serve a Complaint upon such an individual.  To the extent that the Plaintiffs' counsel is arguing that he has initiated service in other similar cases pending in this District  (in answer to the Court's prior characterization of his course of conduct), the Court is not aware of any case in which Plaintiff's counsel is involved in which an Amended Complaint or motion to amend has been filed.  None of these possibilities support a finding of good cause to extend the 120 day deadline.

In addition, the Plaintiffs contend they have sought waivers of services from "dozens" of defendants "weeks ago," but they are impeded because "those defendants were severed from their cases."  Id.  This argument has nothing to do with these cases, in which no defendants have been severed.

Finally, the Plaintiffs quote from caselaw cautioning Courts not to apply the rules of civil procedure as if it were a cat and mouse game of obstacles for plaintiffs to navigate.  12-cv-10805-NMG, Docket # 52 at 5; 12-cv-10758-GAO, Docket # 44 at 5 (quoting TRW, Inc. v. Derbyshire, 157 F.R.D. 59, 60 (D. Colo. 1994) ("[t]he rules governing service of process are not designed to create an obstacle course for the plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction").  However, the difficulties, delays and rulings in this case all result from the Plaintiffs' actions or inaction.  The Court has repeatedly given the Plaintiffs ample opportunity to proceed properly with their cases.  Since the Plaintiffs filed these cases, they have repeatedly failed to advance a plan compliant with the straightforward rules of procedure for limited ex parte discovery in order to learn the identities of the persons they have sued.  In light of the opportunities they have had to make such a proposal,

my previous rulings on these proposals and the Plaintiffs' conduct of this litigation, I

RECOMMEND that the Court find that the Plaintiffs have failed to establish good cause to

extend the deadline, and that no other reason exists to exercise its discretion to permit an

extension of the deadline.  Accordingly, I RECOMMEND that the Court dismiss these cases

pursuant to Fed. R. Civ. P. 4(m) for failure to effect timely service.[4]

 

                                                             /s / Leo T. Sorokin

                                               Leo T. Sorokin
                                               Chief United States Magistrate Judge

---

[4] The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir.1983); see also Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).